```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

FELICIA NICOLE JONES, §
§
    Plaintiff, §
§
v. § Civil Action No. H-12-2367
§
GREENWAY MERCEDES, §
§
    Defendant. §

## AMENDED MEMORANDUM AND RECOMMENDATION

Plaintiff, Felicia Jones, filed the present action on August 3, 2012. She was granted in forma pauperis status.[1] On August 13, 2012, a preclusion order was entered against Ms. Jones based on her conduct in another suit, Jones v. United States Postal Service, H-11-566.[2] Based on that preclusion order, the court undertook a review of the allegations made in the present case.

In her complaint, Plaintiff alleges the following:

> On July 16, 2012, [Plaintiff] went to Greenway Mercedes to show a form of identification proving exemption. While trying to make a print, she aquired [sic] help from a fellow worker. He noticed paper missing from the printer. When he returned to put the paper in the paper tray, he threw the printing paper at the plaintiff's

---

[1] See Felicia Jones v. Greenway Mercedes, Misc. H-12-491, Doc. 2, Order Granting Application to Proceed IFP.

[2] See Doc. 90, Preclusion Order. Ms. Jones has filed numerous lawsuits in this district: Jones v. Louis Vuitton, 4:12mc465 (IFP denied, on appeal); Jones v. United States Postal Service, 4:09mc465 (IFP denied; on appeal); Jones v. Greenway Mercedes Benz of Houston, 4:12cv2367 (pending); Jones v. Mazda North American Operations, 4:11cv2681 (dismissed for want of prosecution); Jones v. Mazda North American Operations, 4:11cv2740 (dismissed as duplicative of another lawsuit; on appeal); Jones v. Citimortgage, Inc.,4:11mc376 (dismissed for want of jurisdiction; on appeal); Jones v. Toll Brothers, 4:12cv2114 (closed pending appeal of denial of IFP in 4:12mc337).

feet.  She said you just threw that paper at my feet: He said yes.  Then she said and you hit my feet[,] he said yes.  After the incident he made two prints of the exemption paper for the proof of exemption for the Mercedes.  The plaintiff sought help from another work[er], but he said it's after hours.  The plaintiff went to a medical facility on July 16, 2012 where they filed the entry date as July 17, 2012 when the plaintiff signed in at 11:49 p.m.  She then made a form of complaint and spoke with a Police Officer that referred her back to Greenway Mercedes.  At Mercedes she spoke with an alleged Manager, Marc, that said he couldn't help with that situation.[3]

As the court understands it, a Greenway Mercedes employee threw paper at Ms. Jones' feet and neither a police officer nor a Greenway Mercedes manager would take action to rectify the situation.

Under 28 U.S.C. § 1915(e), a pauper's complaint shall be dismissed if it is frivolous or fails to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  If the case fits within either of these categories, the court has the discretion to dismiss the case sua sponte.  See United States v. Pineda-Arrellano, 492 F.3d 624, 628 (5th Cir. 2007).

A complaint is frivolous if it lacks an arguable basis in law or fact.  See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001)(citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)).  In making this determination, the court liberally construes Plaintiff's complaint.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007)(holding

---

[3]   Doc. 1, Pl.'s Compl., p. 1.

that a pro se complaint must be held to less stringent standards).

Despite the fact that Plaintiff is proceeding pro se, pursuant to Federal Rule of Civil Procedure 8(a)(2), Plaintiff must also provide a "short and plain statement of the claim showing that the pleader is entitled to relief." See Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007)(holding that a complaint may be dismissed if a plaintiff fails to state a claim for relief).  The complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level."  Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Ms. Jones fails to allege a basis for federal jurisdiction and the court finds none raised by the facts as alleged.  In the opinion of the undersigned, the complaint appears to be wholly frivolous.  In light of the foregoing, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto

3

pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 10th day of October, 2012.

Nancy K. Johnson
United States Magistrate Judge